# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Taras Haliw, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 01515 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| City of South Elgin, Officer Kmieciak, | ) | |
| Officer Floros, Officer Franks, and | ) | |
| Sergeant Streyrer, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Taras Haliw has sued the Village of South Elgin[1] and four of its police officers, advancing a number of federal and state law claims arising from his allegedly false arrest and prosecution.[2] R. 24, Am. Compl.[3] The Defendants move to dismiss Count 2 (conspiracy) as to all of the Defendants; Count 1 (false arrest) specifically as to Officer Franks; and Count 6 (the *respondeat superior* claim against the Village). R. 28. For the following reasons, the motion to dismiss is granted in part and denied in part.

## I. Background

For purposes of this motion, the Court accepts as true the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In December 2017,

---

[1] Although the Amended Complaint refers to South Elgin as a city, the Defendants note that South Elgin is a village.
[2] This Court has federal-question jurisdiction over the federal claims under 28 U.S.C. § 1332 and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.
[3] Citations to the record are noted as "R." followed by the docket number.

Sergeant Steryer[4] and Officers Kmieciak, Floros, and Franks met with Haliw in South Elgin. Am. Compl. ¶¶ 21-22. Steryer and Kmieciak started to interview Haliw about an incident involving Haliw's son. *See id.* ¶ 23. During this questioning, Steryer, Kmieciak, and Floros allegedly accused Haliw of lying about what he knew about the incident; Haliw maintains that he was truthful. *Id.* ¶¶ 24-25. Steryer, Kmieciak, and Floros then allegedly restrained Haliw so that he was not free to leave. *Id.* ¶ 29. After this, the Amended Complaint alleges that Officer Floros arrived at the scene—even though previous allegations in the pleading say that Floros was already there—and transported Haliw to the South Elgin police station. *Id.* ¶ 30. There, Haliw was charged with obstructing a peace officer. *Id.* ¶ 31.

Haliw contends that the officers lacked probable cause to arrest him because he committed no crime and was not the focus of a criminal investigation. *Id.* ¶ 26. Additionally, he alleges that Kmieciak, Floros, Franks, and Steryer agreed to violate Haliw's rights by filing false and incomplete police reports and charges, and by providing false information that led to a criminal prosecution against him. *Id.* ¶¶ 32-34. Finally, Haliw complains that he lost his job at the DuPage County Children's Center as a result of the arrest and the ensuing prosecution. *Id.* ¶ 38. The end of the story is that, in April 2018, Haliw was cleared of all charges. *See id.* ¶ 40.

---

[4]The case caption identifies this defendant as Sergeant "Streyrer" but the text of the Amended Complaint refers to him as both Sergeant "Steryer" and "Steyrer." *See generally* Am. Compl. Meanwhile, the Defendants consistently refer to this defendant as "Sergeant Steyrer [sic]." *See generally* R. 28, Mot. to Dismiss. This Opinion will use "Steryer," but South Elgin's website contains an employee listing that lists a Roger Steurer as a police sergeant. https://www.southelgin.com/Over_75000.pdf (last visited March 18, 2020). If Steurer is the correct spelling, then going forward (and really in other cases too), the parties should resolve easily resolvable differences like the correct name spelling (and then use it).

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[5] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

---

[5]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

## III. Analysis

### A. Officer Franks (Counts 1 and 2)

In Count 1 of the Amended Complaint, Haliw alleges that "the individual defendant officers" falsely arrested Haliw without probable cause. Am. Compl. ¶ 42 (de-capitalized from original). Officer Franks argues that he should be dismissed from this count because it "contains no allegation that Officer Franks was *personally* involved in the arrest of plaintiff." R. 28, Mot. to Dismiss at 4-5 (emphasis in original). Generally speaking, to successfully plead a § 1983 claim, a plaintiff must adequately allege that he was deprived of a right secured by the Constitution or federal law and that the defendant acted under color of law. *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Section 1983 liability must be premised on *personal* liability only: "liability does not attach unless the individual defendant caused or participated in [the] constitutional deprivation." *Rasche v. Vill. of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003) (cleaned up). If the plaintiff fails to allege that the defendant personally participated in the constitutional-rights violation, then the § 1983 claim is inadequately alleged as to that defendant. *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 412-14 (7th Cir. 1997) (affirming dismissal of § 1983 claims against defendant where the "complaint did not so much as assert that he was involved directly and personally, or that anything was done with his knowledge and consent.").

Here, Haliw has not adequately pled that Officer Franks personally participated in or caused the alleged false arrest. In the events leading up to the arrest, Franks is only identified as having "arrived near 235 S. Gilbert Street, South

Elgin, Illinois." Am. Compl. ¶ 22. Beyond a vague allegation that the officers agreed to violate Haliw's rights by falsifying police reports and charges, *id.* ¶ 32, at no other time does Haliw level *any* specific accusation about *Franks*' participation in the arrest. *See generally id.* Indeed, in response to the argument that Haliw failed to plead sufficient facts about Franks, Haliw for some reason supplied more facts about Officer *Floros*. R. 31, Pl.'s Resp. Br. at 3. That proves Franks' point. Haliw's allegation against Franks is nothing more than an inadequate and "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. And because Haliw has already amended the complaint once (and made no concrete request to amend it again), Franks is dismissed from Count 1 with prejudice.

Not surprisingly, the end of Count 1 as to Franks requires the same outcome on Haliw's conspiracy claim (Count 2) against Franks. Without an underlying claim against Franks, the conspiracy claim against him likewise cannot survive: under § 1983, generally a conspiracy claim alone does not violate any constitutional protections if the underlying claims have been dismissed. *See, e.g.*, *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). Haliw offers no argument on this point, so Count 2 also is dismissed with prejudice against Franks. Franks is out of this case entirely and for good.

### B. Conspiracy (Count 2)

Moving on to a broader defense argument, the remaining officers make two arguments against the conspiracy claim: (1) insufficient facts are alleged to support the claim; and (2) the claim is barred by the "intracorporate conspiracy" doctrine. Mot.

5

to Dismiss at 6-8. As explained next, although Haliw *does* plead enough factual content to adequately state a claim for conspiracy, the legal landscape is foggy on whether it violates the Constitution for officers of a police department to conspire only with one another—rather than with a non-officer—so the conspiracy claim must be dismissed based on qualified immunity.

On the facts, to adequately state a plausible conspiracy claim under § 1983, a plaintiff must set forth the specific defendants, the approximate time period of the conspiracy, and the general purpose of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006); *see also Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) ("[I]t is enough … merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with."). There is no need for any more factual detail than any other type of case: that is, the plaintiff does not have to provide a "precise causal connection" between the actions of the defendants and the alleged violations. *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006). Instead, the plaintiff is simply expected to plausibly allege that they have a "tenable theory or basis of suit" and provide defendants with adequate notice of the claims against them. *Id.* (cleaned up); *see also id.* at 732-33.

Here, Haliw adequately pled enough factual content: with Franks out of the case, the remaining officers know who is allegedly part of the conspiracy, the approximate time period of the conspiracy, and the conspiracy's general purpose. The Amended Complaint alleges that "one or more" of the (now remaining) officers "conspired and acted to cause damage" to Haliw by arresting him without probable

6

cause and filing false police reports against him. Am. Compl. ¶ 47. Specifically, Haliw alleges that Sergeant Steryer and Officers Kmieciak and Floros participated in the false arrest on December 10, 2017, *id.* ¶ 29; Steryer, Kmieciak, and Floros then filed false and incomplete police reports and charges, *id.* ¶ 32; and Kmieciak and Steryer provided the Kane County State's Attorney's Office with false information and caused Haliw's false prosecution, *id.* ¶¶ 33-34. All of this allegedly was done to violate Haliw's rights and "cause [him] damage." *Id.* ¶¶ 32, 47.

In this straightforward case, the defense is wrong when arguing that these facts are too vague to adequately plead a conspiracy. Mot. to Dismiss at 6. For one, the defense's contention that the conspiracy allegation speaks too broadly when referring to "individual defendant officers" is misplaced: although Haliw does not explicitly name the officers in *this* paragraph, he incorporates numerous other allegations that do. *See id.* at 6-7; Am. Compl. ¶¶ 46-47. *See also Loubser*, 440 F.3d at 443 (plaintiff adequately alleged conspiracy where information about the parties, the general purpose, and the approximate date of the conspiracy could be found in the complaint, even if "in disjointed form."). Also, contrary to the Defendants' assertion, Haliw does not need to establish what roles the individual defendants played nor does he need to allege facts dispositively proving a "meeting of the minds"—at least not at this stage. *See* Mot. to Dismiss at 7. Instead, he merely needs to identify the parties, the approximate date, and the general purpose of the conspiracy, all of which he has done. *See Walker*, 288 F.3d at 1007. Haliw has

7

provided the Defendant with adequate notice of the claims against them so that they can prepare their defense. *See Pratt,* 464 F.3d at 732-33.

But even though Haliw alleges enough *facts* to support the conspiracy claim at this stage, there is a *legal* barrier to moving forward on the claim: the intracorporate conspiracy doctrine. Mot. to Dismiss at 7-8. Under this doctrine, employees of the same corporate entity cannot be liable under a conspiracy theory if the employees act within the scope of their employment. *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110 (7th Cir. 1990). The underlying rationale is that employees who work for a *single* entity cannot be said to conspire with one another, because (like tangoing) it takes two (or more) to conspire. *See id.* ("[C]orporate employees acting to pursue the business of the firm could not be treated as conspirators. Courts look[] past the individual acts to concentrate on the collective decision.") There is reason to doubt, however, that this corporate-based and antitrust-based doctrine should apply to civil-rights conspiracy claims under § 1983. The intracorporate conspiracy defense makes sense in the corporate and antitrust settings because whatever a business's employees do (within the scope of employment) is deemed to be the act of the business via vicarious liability. *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1867 (2017) ("When two agents of the same legal entity make an agreement in the course of their official duties … their acts are attributed to their principal."). In sharp contrast, there is no *respondeat superior* theory of liability against municipalities for § 1983 claims. *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 691 (1978). That is, the acts of a municipality's employees are *not* attributable to the governmental

8

employer in § 1983 cases (unless the employee happens to be the municipality's final policymaker). So there really is more than one legal entity when individual officers are sued under a § 1983 conspiracy theory: each individual officer is solely responsible for the officer's own conduct.

Having said all that, the Court recognizes that the Seventh Circuit has applied the intracorporate conspiracy doctrine to claims under 42 U.S.C. § 1985. *See, e.g.*, *Travis*, 921 F.2d at 110 (applying intracorporate conspiracy doctrine to claims against government employees, not just private businesses); *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,* 4 F.3d 465, 470-71 (7th Cir. 1993); *Wright v. Ill. Dep't. of Children and Family Servs.*, 40 F.3d 1492, 1508-1509 (7th Cir. 1994). Section 1985 is a close analogue of § 1983: both provisions trace their parentage to the Civil Rights Act of 1871. *Griffin v. Breckenridge*, 403 U.S. 88, 98-99 (1971) (explaining that § 1983 derived from § 1 of the Act and § 1985 derived from § 2). What's more, other Circuit courts, as well as some courts in this district, have extended the intracorporate conspiracy doctrine to § 1983 claims. *See, e.g., Jackson v. City of Cleveland*, 925 F.3d 793, 819-20 (6th Cir. 2019); *Thomas v. City of Blue Island*, 178 F. Supp. 3d 646, 654 (N.D. Ill. 2016).

In light of these extensions of the intracorporate conspiracy doctrine to § 1983, and absent controlling authority to the contrary, it cannot be said that the law is clearly established on this point. That is, reasonable officers would not necessarily know that a conspiracy amongst employees of a single municipality can violate the Constitution (no matter what the underlying substantive right is at stake). As the

9

Supreme Court held in *Ziglar*, "[w]hen the courts are divided on an issue so central to the cause of action alleged," the defendants are entitled to qualified immunity anyway. 137 S. Ct. at 1868.[6] Qualified immunity protects officials "from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added). In *Ziglar*, the Supreme Court held that the officers were entitled to qualified immunity on § 1985 conspiracy claims because the division among the federal appellate courts on whether the intracorporate conspiracy defense applied left the question "sufficiently open so that the officials … could not be certain that § 1985(3) was applicable to their discussions and actions." 137 S. Ct. at 1868-69. Just so here. Liability is not clearly established

---

[6]The Court's earlier rejection of the Defendants' qualified immunity argument was limited to Haliw's other, non-conspiracy claims. *See* R. 30 (rejecting the Defendants' qualified immunity argument "in light of the allegations of filing knowingly false reports and providing knowingly false information."). Considering that the Defendants' present motion to dismiss raises the intracorporate conspiracy defense *and* again argues qualified immunity (albeit relying on the same argument as the one previously rejected), it is appropriate for the Court to consider qualified immunity in the conspiracy context. *See Thayer v. Chiczewski*, 705 F.3d 237, 252 (7th Cir. 2012) (finding it proper to consider qualified immunity for a particular claim—even though the defendants failed to argue it—where "the plaintiffs were aware of the issue and had the opportunity to" respond, because the defendants argued it in the district court, presented underlying arguments substantively similar to qualified immunity, and argued qualified immunity for a substantively similar claim). Here, the Defendants' intracorporate conspiracy argument—although lacking a discussion of qualified immunity—supplied adequate notice to Haliw of the potential relationship between the two defenses. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913-14 (7th Cir. 2011) (holding that the plaintiff was sufficiently aware of qualified immunity argument so as not to be surprised by its application, even though the argument was underdeveloped in the opening brief). Moreover, the Court has an interest in resolving this question efficiently, considering the possibility that the Defendants would argue qualified immunity for the conspiracy claim at summary judgment. To be clear, however, the Court's holding with respect to Haliw's conspiracy claim does *not* affect its earlier order that the Defendants are not entitled to qualified immunity for Haliw's other claims. *See* R. 30.

for conspiracies amongst police officers of a single municipality because the law is unsettled on whether the intracorporate conspiracy doctrine applies to § 1983 claims. *Compare, e.g., Jackson*, 925 F.3d at 819-20 (the intracorporate conspiracy doctrine applies to § 1983 just as it does to § 1985 claims because both create "cause[s] of action against any 'person' who deprives a plaintiff of his rights[.]"), *with Drager v. Vill. of Bellwood*, 969 F. Supp. 2d 971, 985 (N.D. Ill. 2013) ("The Seventh Circuit has yet to decide whether the doctrine applies to § 1983 conspiracy claims, and district courts in this Circuit are split on whether it does."). For this reason, the § 1983 conspiracy claim must be dismissed in its entirety on qualified-immunity grounds.

But the Court issues a procedural caveat—given that the Court raised on its own the qualified-immunity implications of the intracorporate conspiracy doctrine. Although the defense did not squarely present a qualified-immunity argument on the conspiracy claim, the Defendants did plead qualified immunity as an affirmative defense, R. 26 at 12, and even argued it in the dismissal motion as to the false-arrest claim, R. 28 at 8-9. And in light of *Ziglar*, and because the Defendants could raise this again at summary judgment (or even trial), it was appropriate for the Court to raise the issue *sua sponte*. That said, the dismissal of the conspiracy claim against Sergeant Steryer and Officers Kmieciak and Floros is *without* prejudice, at least for now, because Haliw did not have a chance to address it. If Haliw wishes to move to reconsider the dismissal, then he may do so by May 4, 2020. The Court would then consider the issue *de novo,* as opposed to the higher bar normally imposed on reconsideration motions (which are governed by Federal Rule of Civil Procedure

11

54(b)). Absent a motion by that deadline, the dismissal will convert to a dismissal with prejudice.[7]

## C. *Respondeat Superior* (Count 6)

Finally, Haliw argues that South Elgin is liable for the actions of the individual officers under a *respondeat superior* theory. Am. Compl. ¶ 65. As discussed earlier, however, it is well established that a municipality cannot be held liable under § 1983 for the acts of its employees based solely on the employer-employee relationship. *Monell*, 436 U.S. at 691. So the *respondeat superior* claim against South Elgin is dismissed with prejudice insofar as it is premised on the § 1983 claims (Counts 1, 2, and 4). But *Monell* does not bar Haliw from asserting vicarious liability on the state law claim for malicious prosecution (Count 3). *See Doe v. Vigo Cty., Ind.*, 905 F.3d 1038, 1042 (7th Cir. 2018) ("To the extent that [the plaintiff] is pursuing state-law claims against the County, it is Indiana's law that determines the County's responsibility … . [The plaintiff] cannot hold the County vicariously liable under section 1983[.]"). So the *respondeat superior* claim remains intact as premised on Count 3.

---

[7]Haliw should consider whether there really is any point to bringing a conspiracy claim under these circumstances. Unlike in criminal cases, a civil-conspiracy claim requires the plaintiff to prove an underlying substantive violation, and § 1983 in particular requires *personal* misconduct to trigger liability. Once the substantive violation is proven, it is not as if there are more damages to be recovered from the conspiracy claim. So it is not clear what a § 1983 plaintiff gains by alleging a conspiracy claim. If the idea is that the claim would allow for co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E), then that notion is wrong. There is no need to plead a claim to trigger the co-conspirator exemption; the Court decides whether the exemption applies regardless of whether the claim has been pled.

## IV. Conclusion

For the reasons discussed, Franks is dismissed with prejudice from the false-arrest and conspiracy claims (Counts 1 and 2), which means he is out of the case entirely; the conspiracy claim (Count 2) is dismissed without prejudice as to the remaining officers; and the *respondeat superior* claim is dismissed with prejudice as to the federal law claims, but remains intact as to the Illinois malicious prosecution claim (Count 3).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 18, 2020